## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD GREEN,** | : | |
| **Petitioner,** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | |
| | : | **NO. 13-2496** |
| **BRIAN THOMPSON,** *et al.*, | : | |
| **Respondents.** | : | |

### MEMORANDUM OPINION

**RUFE, J.**                                                                 **JUNE 25, 2013**

On February 13, 2009, a jury convicted Petitioner Edward Green of two counts of possession with intent to distribute a controlled substance; two months later, Petitioner was sentenced to five to ten years of imprisonment.  After exhausting his state court remedies, Petitioner timely filed his habeas Petition in this Court.  In the Petition, Petitioner claims (1) that the trial court erred in several respects when denying his motion to suppress, and (2) that his counsel was ineffective by failing to claim that Petitioner's right to a speedy trial was violated, to investigate the criminal history of a witness, and to challenge the sufficiency of the witness's statement to police.

On May 31, 2013, United States Magistrate Judge Timothy R. Rice issued a Report and Recommendation ("R&R") that the Petition be denied as to both the motion to suppress and ineffective assistance of counsel claims.  Petitioner did not file objections to the R&R.  The Court has reviewed the R&R and the Petition to determine if the adjudication of Petitioner's claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[1]

With respect to the denial of the motion to suppress, the Magistrate Judge, liberally construing Petitioner's *pro se* claims, interpreted these claims as being based on the Fourth Amendment to the United States Constitution.[2]  The Magistrate Judge found that the claims were non-cognizable on federal habeas review because Petitioner had a full and fair opportunity to litigate the merits of these claims in state court.[3]  The Court agrees with this conclusion. Petitioner filed a pre-trial motion to suppress evidence obtained by police, which was denied after a two-day hearing before the trial court.  He thereafter argued to re-open the suppression hearing, and both the original motion and the motion to reopen were argued on appeal as trial court error and as an ineffective assistance of counsel claim.  Since Petitioner had a full and fair opportunity to argue the merits of these claims in state court, the Court agrees that the claims are non-cognizable.[4]

With respect to Petitioner's ineffective assistance of counsel claims, the Court agrees with the Magistrate Judge that these claims are procedurally defaulted, Petitioner having never

---

[1] 28 U.S.C. § 2254(d).

[2] See Report and Recommendation (R&R) [Doc. No. 3] at 4 ("I interpret [Petitioner] as asserting that the evidence introduced during his trial was the product of unconstitutional searches and, therefore, should have been suppressed by the trial court.").

[3] See Marshall v. Hendricks, 307 F.3d 36, 81 (3d Cir. 2002) (citing Stone v. Powell, 428 U.S. 465, 494 (1976)).

[4] See Marshall, 307 F.3d at 81 ("In Stone v. Powell, 428 U.S. 465 (1976), the Supreme Court examined the nature of the exclusionary rule, which it characterized as a 'judicially created means of effectuating the rights secured by the Fourth Amendment' and balanced its utility as a deterrent against the risk of excluding trustworthy evidence and thus 'deflect[ing] the truthfinding process.'  Finding that, as to collateral review, the costs of the exclusionary rule outweighed the benefits of its application, the Court concluded that 'where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'").

presented these claims to the state courts.  Because Petitioner has not shown cause for his default nor has he shown actual prejudice resulting from the alleged constitutional violation (he has not shown that the underlying claims have merit), these claims do not provide a basis for habeas relief.[5]

Accordingly, the Court will approve and adopt the Report and Recommendation and deny the Petition.  An appropriate Order follows.

---

[5] See Martinez v. Ryan, 132 S. Ct. 1309, 1316 (2012).